```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

IRINA MALIN,                       )
            Plaintiff,             )
                                   )
            v.                     )    C.A. No. 12-11948-DPW
                                   )
GENNADY MALIN, et al.,             )
            Defendants.            )
```

MEMORANDUM AND ORDER

For the reasons stated below, the Court (1) grants plaintiff's motion for reconsideration of the denial of her request to proceed in forma pauperis; (2) allows plaintiff to proceed in forma pauperis; (3) denies plaintiff's renewed motion to appoint counsel; (4) dismisses this action because her amended complaint fails to support federal jurisdiction in this matter.

BACKGROUND

On October 18, 2012, plaintiff Irina Malin, a resident of Newton, Massachusetts, filed her self-prepared diversity complaint against her former husband, Gennady Malin, and his mother Sheva Sirota alleging fraud and other state law claims. With her complaint, plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application" or "application") and a motion for appointment of counsel. See Docket Nos. 2, 3. Four days later, On October 22, 2012, plaintiff filed an amended complaint to include a civil RICO claim, see Docket No. 6, and in November she filed a second amended complaint (the "SAC") adding four new defendants. See Docket No. 9. Plaintiff contends

that the defendants are a "group of people" that are an "'enterprise' acting for [the] purpose to defraud Plaintiff in two real estate, assets and executed the multiple instanses (sic) of the same fraud and the same pattern." Id. at p. 2.

As best can be gleaned from the SAC, the marriage between plaintiff and Gennady Malin ended in divorce. Divorce proceedings were commenced in 2007 in Middlesex Probate and Family Court and concluded in July 2009. See SAC, p. 3. Plaintiff alleges that the divorce judgment directed Gennady Malin to pay plaintiff 50% of the sale proceeds from the sale of the marital home. Id. at p. 7. Plaintiff alleges that after the divorce, and after the sale of the marital home in 2010, she discovered that her former husband was involved in a series of fraudulent transactions such as (1) in 2006, transferring $155,00 to his mother from an account that was funded by the sale of plaintiff's condominium in Ashdod, Israel; (2) depleting $44,000 from their son's college fund; and (3) in 2010, selling the marital home at 24 Kerr Path more than $100,000 below the appraised value and transferring the funds to his mother. Id. at pp. 3 - 6. Plaintiff seeks from defendants Gennady Malin and Sheva Sirota money damages in the amount of $275,000. Id. at p. 8.

By Order dated October 25, 2012, plaintiff's original motion to proceed in forma pauperis was denied without prejudice because it was incomplete. See Docket No. 7. Specifically, plaintiff

failed to answer Question 2(b) and Question 3 on the Application completely.  On November 16, 2012, plaintiff filed a renewed motion to proceed in forma pauperis by submitting a Long Form Application. See Docket No. 10-3.

Because the renewed motion failed to demonstrate sufficiently that she is without sufficient funds to pay the filing fee, her subsequent application was denied.  See Docket No. 11.  The application failed to provide specific information concerning any persons who would ordinarily provide her with necessities and also whether she possessed any credit cards.

The March 18th Order granted plaintiff until April 8, 2013 to pay the $350 filing fee.  On April 1, 2013, Plaintiff filed a motion for reconsideration of the denial of her request to proceed in forma pauperis.  See Docket No. 13.  She filed a supporting Affidavit and a renewed motion for appointment of counsel.  See Docket Nos. 14, 15.

## DISCUSSION

I. Motion for Reconsideration of
   Denial In Forma Pauperis Status

Plaintiff's motion for reconsideration and supporting affidavit clarify plaintiff's financial status. Plaintiff does not have any family or friends that provide support to her and she doesn't have any credit cards.  Based upon the information provided in the motion and supporting affidavit, the Court finds that plaintiff qualifies for in forma pauperis status and will allow her

3

to proceed without prepayment of the filing fee.

   II.  Standard of Review

Because the plaintiff is proceeding in forma pauperis, her second amended complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss complaints if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

In conducting a review of a complaint filed by a litigant proceeding in forma pauperis, the court reads plaintiff's complaint with "an extra degree of solicitude," Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991), due to her pro se status, see id.; see also Strahan v. Coxe, 127 F.3d 155, 158 n. 1 (1st Cir. 1997) (noting obligation to construe pro se pleadings liberally) (citing Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

   III. Screening of Plaintiff's Second Amended Complaint

   A.   Failure to Comply With Fed. R. Civ. P. 8(a) and 10;
        Failure to State a Claim Upon Which Relief May Be Granted

As filed, plaintiff's second amended complaint is subject to

4

dismissal because it does not comport substantially with the pleading requirements of Rules 8(a) and 10 of the Federal Rules of Civil Procedure. Rule 10 of the Federal Rules of Civil Procedure provides for the form of pleadings, while Rule 8(a) governs the substance of pleadings. Rule 10(b) provides, in relevant part:

> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Fed. R. Civ. P. 10(b).

Rule 8(a) governs the substance of a pleading, and requires a plaintiff to include in the complaint, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint "must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' and allege 'a plausible entitlement to relief.'" Decotiis v. Whittemore, 635 F.3d 22, 29 (1st Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559 (2007)).

As the United States Supreme Court has stated, under Rule 8, a plaintiff must plead more than a mere allegation that the defendants have harmed her. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." quoting Twombly, 550 U.S. at 555). See Chiang v. Skeirik, 582 F.3d 238, 244 (1st Cir.

5

2009) ("'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' [citing Maldonado v. Fontanes], 568 F.3d 263, 268 (1st Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).").

In the instant case, the SAC consists of nine typewritten pages.  Although plaintiff uses numbered paragraphs, most of the paragraphs consist of allegations in a lengthy, verbose form that prevents the Court from identifying with clarity each claim.  The factual allegations span five typewritten pages, yet are found in two numbered paragraphs.  See SAC, ¶¶ 4, 5.

Except for Gennady Malin and Sheva Sirota, there are no factual allegations directed at defendants Kovalcik, German, Moxon or Morse.  These individuals are simply listed as parties.  The SAC fails to set forth specific factual allegations and/or specific claims concerning violations of the civil RICO statute, 18 U.S.C. § 1861, et seq., as well as Mass. Gen. Laws ch. 109A (the Massachusetts Uniform Fraudulent Transfer Act).[1]

B.   Failure to State a Civil RICO Claim

Plaintiff appears to allege that the defendants violated the civil RICO statute, 18 U.S.C. § 1861.  "A civil RICO claim, 18

---

[1] The SAC references the UAFC.  See SAC, p. 8.  The Court believes plaintiff intends to reference the Massachusetts Uniform Fraudulent Conveyance Act (UFCA), which is the UFTA's predecessor.  See Cheswell, Inc. v. Premier Homes and Land Corp. 319 F. Supp. 2d 135, 138-139 (D. Mass. 2004).

U.S.C. § 1962(c), requires proof of several elements including the existence of a racketeering 'enterprise' and its conduct through a 'pattern' of racketeering activity, which requires at least two [related] acts of racketeering . . . ." Rectrix Aerodrome Ctrs., Inc. v. Barnstable Mun. Airport Comm'n, 610 F.3d 8, 11 (1st Cir. 2010), quoting 18 U.S.C. §§ 1961(4)-(5).  Crimes constituting predicate acts are set out in the statute. See 18 U.S.C. §§ 1961(1), 1962(c). An enterprise may be a legal entity or a group of persons associated in fact.  United States v. Turkette, 452 U.S. 576, 580-581 (1981); see also Libertad v. Welch, 53 F.3d 428, 442 (1st Cir. 1995) (anti-abortion groups found to be an "association in fact").  Here, plaintiff alleges that the "defendants" executed "multiple instanances (sic) of mail fraud and wire fraud." See SAC at p. 2.  Plaintiff's allegations fail to satisfy the enterprise element and the predicate act requirement of RICO.  The SAC is devoid of any specific mention of all but two of the defendants. Moreover, the SAC does not adequately identify or describe a crime allegedly committed by defendants that would remotely qualify under the statute as a predicate act.  In addition to being conclusory and, at times, confusing, the allegations do not state violations of any of the laws specified in 18 U.S.C. § 1961(1).  Plaintiff appears to rely on mail and wire fraud as predicate acts, however, the allegations fail to satisfy the particularity requirements of Rule 9(b).  Cordero-Hernandez v. Hernandez-Ballesteros, 449 F.3d

7

240, 244 (1st Cir. 2006).  Thus, the SAC is subject to dismissal because it fails to sufficiently specify the enterprise element as well as the predicate acts underlying plaintiff's civil RICO claim.

    C.    <u>Massachusetts Uniform Fraudulent Transfer Act Claim</u>

Because the SAC is subject to dismissal for the reasons stated above, <u>supra.</u>, ¶¶ III(A), III(B), grounds no longer exist for federal subject matter jurisdiction over plaintiff's remaining claims.  The claims under the Uniform Fraudulent Transfer Act and Uniform Fraudulent Conveyance Act arise under the Massachusetts General Laws and are thus properly classified as state law claims.

This Court derives its authority to decide plaintiff's federal claim from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  As a general rule the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit will trigger the dismissal without prejudice of any supplemental state law claims.  <u>Gonzalez-De Blasnini v. Family Dep't</u>, 377 F.3d 81, 89 (1st Cir. 2004) (citing <u>Rodriguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995)).

Section § 1367(c)(3) states that "[t]he district courts may

decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction...." Id. § 1367(c)(3).[2]

IV. The Renewed Motion for Appointment of Counsel

With her motion for reconsideration, plaintiff filed a renewed motion for appointment of pro bono counsel. Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id.

Because the second amended complaint is so plainly subject to dismissal, the Court cannot find that exceptional circumstances exist warranting the appointment of pro bono counsel. Accordingly, the motion for appointment of counsel will be denied.

## CONCLUSION

ACCORDINGLY, it is hereby

ORDERED, plaintiff's motion for reconsideration of the denial

---

[2] Moreover, Plaintiff has not alleged that her citizenship is diverse from the citizenship of all of the defendants ( i.e., citizens of different states) for purposes of 28 U.S.C. § 1332. Without complete diversity of citizenship, her state law claims are not actionable in this Court. See 28 U.S.C. 1332.

9

of her application to proceed without prepayment of fees is granted. Plaintiff may proceed in forma pauperis; and it is further

ORDERED, plaintiff's renewed motion for appointment of counsel is DENIED; and it is further

ORDERED, this action be dismissed.

SO ORDERED.

| | |
|---|---|
| August 25, 2013 | /s/ Douglas P. Woodlock |
| DATE | DOUGLAS P. WOODLOCK |
| | UNITED STATES DISTRICT JUDGE |